UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA Y. SMITH, | Case No. 2:22-cv-00408-DAD-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF STOCKTON, *et al.*, | |
| Defendants. | |

Plaintiff Teresa Smith filed a complaint against the City of Stockton, Stockton Police Department, San Joaquin County Sheriff, California Highway Patrol, and several law enforcement officers. Her complaint, however, fails to state a claim. I will give plaintiff a chance to amend her complaint before recommending dismissal. I will grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2), and her request for ruling on her *in forma pauperis* application, ECF No. 6.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

1

1    possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
2    identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
3    1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
4    give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
5    n.2 (9th Cir. 2006) (en banc) (citations omitted).

6        The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
7    U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
8    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
9    would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
10   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
11   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
12   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

14       Plaintiff's complaint contains allegations about certain interactions she and her family had
15   with law enforcement. The complaint, which contains allegations dating back to 2014, purports
16   to allege claims on behalf of her family members and attempts to relitigate claims that have
17   already been resolved by this court in another case. As laid out in the complaint, her claims
18   cannot proceed past screening.

19       For example, plaintiff alleges that her disabled son, James Smith, was arrested and
20   assaulted by five Stockton Police officers on November 21, 2014. ECF No. 1 at 10-11. She also
21   complains that officers used excessive force while arresting her son in February 2022. *Id.* at 10.
22   But plaintiff, who is proceeding without counsel, is not permitted to asserts claims on behalf of
23   her son. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer
24   'has no authority to appear as an attorney for others than himself . . . .'"); *Simon v. Hartford Life*,
25   *Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (holding that a non-attorney plaintiff may not attempt to
26   pursue claims on behalf of others in a representative capacity).

27       As for the allegations concerning plaintiff, the complaint references several incidents in
28   which she was allegedly pulled over by Stockton Police officers for vehicle-related violations.

For example, plaintiff alleges that defendants Adams and Singh stopped her on October 21, 2018, because her car's brake light was out and ticketed her for failing to provide her registration card. ECF No. 1 at 16. She alleges that defendant Braga stopped her on January 11, 2018, and ticketed her for using her cellphone while driving and not wearing a seatbelt. *Id.* at 21-22. Plaintiff also claims that defendant Rhodes pulled her over on November 9, 2014, because her car's headlight was out. *Id.* at 29. Plaintiff claims that all of these stops were racially motivated, although she does not explain the basis for that conclusion.

Presumably, plaintiff is attempting to allege one or more claims under 42 U.S.C. § 1983. Her allegations, however, are too vague and conclusory to state a claim against the individual defendants. *See Ashcroft*, 556 U.S. at 678 ("The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Specifically, plaintiff does not explain how each individual officer violated her constitutional rights. *Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). She also does not allege that her constitutional rights were violated pursuant to a policy or custom and therefore fails to state a § 1983 claim against defendants City of Stockton, Stockton Police Department, San Joaquin County Sheriff, and California Highway Patrol. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Generally, a municipality is liable under *Monell* only if a municipal policy or custom was the 'moving force' behind the constitutional violation."); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents . . . .").

Moreover, plaintiff's claims—which involve various interactions with multiple police officers employed at different departments—are unrelated and cannot proceed in the same complaint. The Federal Rules of Civil Procedure allow a party to assert "as many claims as it has against an opposing party," but does not provide for unrelated claims against several different defendants to be raised on the same action. Fed. R. Civ. Pro. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, to the extent that plaintiff continues to allege violations spanning several different defendants and incidents, those claims cannot be contained in the same action.

I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's request for ruling on her *in forma pauperis* application, ECF No. 6, is granted.

3. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court she wishes to stand by her current complaint. If she selects the latter option, I will recommend that this action be dismissed.

4. Failure to comply with this order will result in the dismissal of this action.

5. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   May 22, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE