UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA Y. SMITH, | Case No. 2:22-cv-00408-DAD-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | THAT THE AMENDED COMPLAINT FAILS TO MEET FEDERAL PLEADING STANDARDS AND OFFERING AN OPPORTUNITY TO AMEND |
| CITY OF STOCKTON, *et al.*, | |
| Defendants. | ECF No. 8 |
| | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff brings this action against the City of Stockton and various law enforcement officers. ECF No. 8 at 1-3. Her complaint fails, however, to meet federal pleading standards. Additionally, plaintiff's allegations, which consist entirely of state law claims, do not establish federal supplemental jurisdiction. I will offer plaintiff one final opportunity to amend before recommending that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that members of the Stockton City police department, the California Highway Patrol, and an unnamed sheriff's department have harassed both her and her children. ECF No. 8 at 4. Her allegations, however, are brief, vague, and insufficient to put any defendant on notice of the claims being made against them. In two brief paragraphs, plaintiff claims that officers have "attack[ed] and abuse[d]" both her and her son.[1] *Id.* She fails, however, to offer

---

[1] As mentioned in my previous screening order, plaintiff lacks standing to bring claims on behalf of her son. She may bring claims only for violations of her own rights. *See* ECF No. 7 at 2.

any factual context for these claims (dates, times, persons involved) or to otherwise describe the specific misconduct each defendant allegedly engaged in. Accordingly, I find that the complaint is non-compliant with Rule 8, which requires that each defendant be provided adequate notice of the claims against them. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Additionally, all claims mentioned in the amended complaint sound in state law, and plaintiff has not pleaded any federal cause of action that would permit supplemental jurisdiction. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Neither has plaintiff established diversity of the parties. *See* 28 U.S.C. § 1332; *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). Accordingly, plaintiff has not established the court's jurisdiction over her state law claims.

In light of these deficiencies, the amended complaint cannot proceed past screening. I will give plaintiff one final opportunity to amend before recommending that this action be dismissed. Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If she fails to do so, I will recommend that this action be dismissed.

2. The Clerk of Court is directed to send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4